GARY J. NELSON, CA Bar No. 184651
gnelson@lrrc.com
G. WARREN BLEEKER, CA Bar No. 210834
wbleeker@lrrc.com
DREW WILSON, CA Bar No. 283616
dwilson@lrrc.com
LEWIS ROCA ROTHGERBER CHRISTIE LLP
655 N. Central Avenue, Suite 2300
Glendale, California 91203-1445
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiff
LODESTAR ANSTALT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LODESTAR ANSTALT, a Lichtenstein company,<br><br>Plaintiff,<br><br>vs.<br><br>BACARDI & COMPANY LIMITED, a Lichtenstein company, BACARDI U.S.A., INC., a Delaware corporation, and BACARDI LIMITED, a Bermuda company,<br><br>Defendants. | Case No. 2:16-cv-06411-CAS (FFMx)<br><br>**DECLARATION OF DREW WILSON IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Hearing Date: August 7, 2017<br>Time: 10:00 a.m.<br>Ctrm: 8D, First Street Courthouse<br><br>Hon. Christina A. Snyder |

101815759_1

I, Drew Wilson, declare:

1. I am an associate at Lewis Roca Rothgerber Christie LLP, counsel of record for Plaintiff Lodestar Anstalt ("Lodestar"), in the above captioned matter. I make this declaration based on personal knowledge and could competently testify to the facts stated if called upon to do so.

2. On Monday June 26, 2017, the Florida court granted Lodestar's motion to retransfer this case from Florida back to this Court. This created an appealable event. Under Federal Rule of Civil Procedure 54(d)(2) Lodestar had 14 days in which to file a motion for attorney's fees. In order to comply with Local Rule 7-3, it needed to meet and confer with opposing counsel regarding its pending motion for sanctions by the end of the day on Monday, July 3, 2017.

3. On Wednesday June 28, 2017, I sent an email to Bacardi's counsel of record in this case, all of whom are members of the law firm of Kelley Drye & Warren LLP. In this email I requested a Local Rule 7-3 meet and confer on Thursday, June 29, 2017, Friday June 30, 2017, or Monday July 3, 2017. I included in detail the grounds for the motion along with the relief that Lodestar would seek. A copy of this email is attached as Exhibit A.

4. Bacardi responded, claiming they were only willing to schedule a teleconference to meet and confer after the statutory deadline. Instead of identifying availability on June 29, 30, or July 3 2017, they offered availability only on July 5, 2017 and July 6, 2017. A copy of Bacardi's response only offering dates after Monday July 3, 2017 is attached as Exhibit B.

5. Bacardi lists three attorneys of record from Kelley Drye & Warren LLP. Kelley Drye & Warren LLP is a relatively large firm. According to its chamber's profile Kelley Drye & Warren LLP has approximately 350 attorneys. A copy of Kelley Drye & Warren LLP's Chamber's profile is attached as Exhibit C.

-1-

101815759_1

6. On Friday June 30, 2017, I called and left messages on the answering machine for two of Bacardi's counsel of record informing them that I believed I had satisfied my meet and confer requirements, and that if they had any questions about the substance of the motion they were welcome to call me back.

7. That same day I received two emails from Michael Lynch stating that he believed I had not satisfied my Local Rule 7-3 meet and confer requirements. In these emails he reiterated that no representative from Kelley Drye & Warren LLP would be available on Monday July 3, 2017. Their only availability was July 5 and 6. A copy of this correspondence containing both of Mr. Lynch's emails is attached as Exhibit D.

8. On Thursday July 6, 2017, out of an abundance of caution and desire to comply with the spirit of Local Rule 7-3, I conducted a telephonic meet and confer with all three members of Bacardi's counsel of record from Kelley Drye & Warren LLP. I was joined in this teleconference by my fellow associate Michael Koplow. At the conference, we reiterated the basis for our motion for sanctions, and explained that it was largely duplicative of the previous motion for sanctions that accompanied Lodestar's motion for reconsideration. We also explained that the motion was bolstered by the Florida Court's holding that Bacardi had misrepresented its position regarding personal jurisdiction to this Court when Bacardi filed its motion to transfer.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed on the 10th day of July 2017 in Glendale, California.

/s/ Drew Wilson
Drew Wilson

-2-

101815759_1