# Exhibit A

**Wilson, Drew**
___

| | |
|---|---|
| **From:** | Wilson, Drew |
| **Sent:** | Wednesday, June 28, 2017 4:46 PM |
| **To:** | 'acalvaruso@kelleydrye.com'; 'mlynch@kelleydrye.com'; 'crossi@kelleydrye.com'; 'kkronstadt@kelleydrye.com'; 'ladocket@kelleydrye.com' |
| **Cc:** | Bleeker, Warren; Nelson, Gary; Bolter, Linda L.; Chavez, Norberto; Koplow, Mike |
| **Subject:** | Request to Meet and Confer Lodestar v. Bacardi LRRC Ref. No. 302289-00006 |

Andrea,

As you know, the court in the Florida found "the most impelling and unusual circumstances" that justified retransfer of the case back to the Central District. (Opp. at 6)  These "impelling and unusual circumstances" arose from Bacardi's "misleading representations to the Central District of [California] concerning personal jurisdiction" that lead the Central District to erroneously find that venue was appropriate in Florida. (Opp. at 15)

The motion to transfer venue should never have been brought.  As the Florida court noted, "courts almost unanimously hold that a party seeking to transfer a case under 28 U.S.C. 1404(a) must demonstrate that the transferee court  has subject matter jurisdiction, that venue is proper and that there is personal jurisdiction in the transferee forum over **each** defendant in a given action."  (Opp. at 10)  As the Florida court held, *Wild v. Subscription*, 292 F.3d 526, 531 (7th Cir. 2002), the one case that did not have the requirement for **each** defendant was not a 9th Circuit case and was easily distinguishable.  Bacardi had no good faith basis for bringing the transfer motion.

These same "impelling and unusual circumstances" also justify sanctions against Bacardi.  Therefore, Lodestar requests that Bacardi meet and confer with Lodestar no later than Monday July 3, 2017 to discuss Lodestar's pending motion for:

- Attorney's fees for the motion to transfer filed in the Central District, the motion for reconsideration filed in the Central District, the motion for retransfer filed in Florida, the motion to dismiss Bacardi filed in Florida, and this motion.
- Costs for all of the above motions.
- All costs and fees associated with Lodestar's retention of local counsel in Florida.
- All costs and fees associated with Lodestar's pro hac admissions in Florida.
- All costs and fees associated in any way with the Florida case.
- An order revoking Bacardi's attorney's pro hac admissions.
- An order finding that Bacardi has waived its personal jurisdiction arguments as a result of its behavior.
- An order deeming venue to be sufficiently convenient for the parties in California.
- An order prohibiting Bacardi from filing a second motion to transfer.

Please let me know your availability as soon as possible.

Respectfully,

**Drew Wilson**
Intellectual Property Attorney
626.683.4589 office
DWilson@lrrc.com
_____



Lewis Roca Rothgerber Christie LLP
655 North Central Avenue, Suite 2300

Exhibit A
-3-
1

Glendale, CA 91203-1445
lrrc.com

-4-

Exhibit A
2

# Exhibit B

**Wilson, Drew**
___

| | |
|---|---|
| **From:** | Calvaruso, Andrea <ACalvaruso@KelleyDrye.com> |
| **Sent:** | Thursday, June 29, 2017 2:23 PM |
| **To:** | Wilson, Drew; Lynch, Michael; Rossi, Carla; Kronstadt, Ken; LADocket@KelleyDrye.com |
| **Cc:** | Bleeker, Warren; Nelson, Gary; Bolter, Linda L.; Chavez, Norberto; Koplow, Mike |
| **Subject:** | RE: Request to Meet and Confer Lodestar v. Bacardi LRRC Ref. No. 302289-00006 |

Drew:

We don't agree with your characterization of the Florida Court's order and we disagree that there is any basis for your proposed motion.

We are not available to meet and confer on July 3rd. We are available July 5th from 2-3 ET or July 6th at 11 am ET.

Andrea


**ANDREA CALVARUSO**
Chair, Trademark and Copyright Practice

**Kelley Drye & Warren LLP**
(212) 808-7853
acalvaruso@kelleydrye.com

___

**From:** Wilson, Drew [mailto:DWilson@lrrc.com]
**Sent:** Wednesday, June 28, 2017 7:46 PM
**To:** Calvaruso, Andrea <ACalvaruso@KelleyDrye.com>; Lynch, Michael <MLynch@KelleyDrye.com>; Rossi, Carla <CRossi@KelleyDrye.com>; Kronstadt, Ken <KKronstadt@KelleyDrye.com>; LADocket@KelleyDrye.com
**Cc:** Bleeker, Warren <wbleeker@lrrc.com>; Nelson, Gary <gnelson@lrrc.com>; Bolter, Linda L. <LBolter@lrrc.com>; Chavez, Norberto <nchavez@lrrc.com>; Koplow, Mike <MKoplow@lrrc.com>
**Subject:** Request to Meet and Confer Lodestar v. Bacardi LRRC Ref. No. 302289-00006

Andrea,

As you know, the court in the Florida found "the most impelling and unusual circumstances" that justified retransfer of the case back to the Central District. (Opp. at 6) These "impelling and unusual circumstances" arose from Bacardi's "misleading representations to the Central District of [California] concerning personal jurisdiction" that lead the Central District to erroneously find that venue was appropriate in Florida. (Opp. at 15)

The motion to transfer venue should never have been brought. As the Florida court noted, "courts almost unanimously hold that a party seeking to transfer a case under 28 U.S.C. 1404(a) must demonstrate that the transferee court has subject matter jurisdiction, that venue is proper and that there is personal jurisdiction in the transferee forum over **each** defendant in a given action." (Opp. at 10) As the Florida court held, *Wild v. Subscription*, 292 F.3d 526, 531 (7th Cir. 2002), the one case that did not have the requirement for **each** defendant was not a 9th Circuit case and was easily distinguishable. Bacardi had no good faith basis for bringing the transfer motion.

Exhibit B
-5-

These same "impelling and unusual circumstances" also justify sanctions against Bacardi. Therefore, Lodestar requests that Bacardi meet and confer with Lodestar no later than Monday July 3, 2017 to discuss Lodestar's pending motion for:

- Attorney's fees for the motion to transfer filed in the Central District, the motion for reconsideration filed in the Central District, the motion for retransfer filed in Florida, the motion to dismiss Bacardi filed in Florida, and this motion.
- Costs for all of the above motions.
- All costs and fees associated with Lodestar's retention of local counsel in Florida.
- All costs and fees associated with Lodestar's pro hac admissions in Florida.
- All costs and fees associated in any way with the Florida case.
- An order revoking Bacardi's attorney's pro hac admissions.
- An order finding that Bacardi has waived its personal jurisdiction arguments as a result of its behavior.
- An order deeming venue to be sufficiently convenient for the parties in California.
- An order prohibiting Bacardi from filing a second motion to transfer.

Please let me know your availability as soon as possible.

Respectfully,

**Drew Wilson**
Intellectual Property Attorney
626.683.4589 office
DWilson@lrrc.com
_____

**Lewis Roca**
ROTHGERBER CHRISTIE

Lewis Roca Rothgerber Christie LLP
655 North Central Avenue, Suite 2300
Glendale, CA 91203-1445
lrrc.com

This message and any attachments are intended only for the use of the individual or entity to which they are addressed. If the reader of this message or an attachment is not the intended recipient or the employee or agent responsible for delivering the message or attachment to the intended recipient you are hereby notified that any dissemination, distribution or copying of this message or any attachment is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender. The information transmitted in this message and any attachments may be privileged, is intended only for the personal and confidential use of the intended recipients, and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521.

The information contained in this E-mail message is privileged, confidential, and may be protected from disclosure; please be aware that any other use, printing, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction. If you think that you have received this E-mail message in error, please reply to the sender.

This E-mail message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened. However, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Kelley Drye & Warren LLP for any loss or damage arising in any way from its use.

# Exhibit C

Chambers & Partners use cookies to ensure that we give you the best experience on our website. We'll assume that you are happy to receive all our cookies or from 3rd party collaborators.    Learn More (/cookie-law)    Accept

(https://www.chambersandpartners.com/)

Home (/) / Kelley Drye & Warren LLP

USA Guide ▶ Firm Profile ▶

# Kelley Drye & Warren LLP
## Firm Profile
Washington, DC



Washington Harbour
Suite 400
3050 K Street NW
Washington, DC
District of Columbia
USA
20007-5108

Tel: +1 202 342 8400
Fax: +1 202 342 8451
Email: Contact Us (mailto:lrose@kelleydrye.com)
Web: Visit website (http://www.kelleydrye.com)

View head office (/USA/firm/3634/kelley-drye-warren) ▶

**Overview**  Practice areas  Offices  Deals  Articles  Press releases

### Firm profile submitted by Kelley Drye & Warren LLP

Founded in 1836, Kelley Drye & Warren LLP represents US and international companies across a wide spectrum of practice areas.

**Chairman:** James S Carr
Managing Partner: Lewis Rose
Number of partners worldwide: 141 Number of other lawyers and professionals worldwide: 209

Expand ▼

BACK TO TOP ︿

About Us
Awards
Other Publications
Events

Exhibit C
- 7 -

**Contact Details**

© Copyright 2017 Chambers & Partners

in (http://www.linkedin.com/company/chambers-and-partners)

(https://twitter.com/ChambersGuides)

G+ (https://plus.google.com/+chambersandpartners)

f (https://www.facebook.com/Chambersandpartners)

RANKING THE BEST SINCE 1990

Exhibit C

- 8 -

# Exhibit D

**Wilson, Drew**

| | |
|---|---|
| **From:** | Lynch, Michael <MLynch@KelleyDrye.com> |
| **Sent:** | Friday, June 30, 2017 7:02 PM |
| **To:** | Wilson, Drew; Calvaruso, Andrea; Kronstadt, Ken; LADocket@KelleyDrye.com; Steinman, Ryan |
| **Cc:** | Bleeker, Warren; Nelson, Gary; Bolter, Linda L.; Chavez, Norberto; Koplow, Mike |
| **Subject:** | Re: Request to Meet and Confer Lodestar v. Bacardi LRRC Ref. No. 302289-00006 |

Counsel,

You have not satisfied your meet and confer obligations. You ignored my email from earlier today. Leaving my colleagues vague voice mails at 8pm on a Friday evening of a long weekend is insufficient. Your proposal to speak Monday is unreasonable in light of the national holiday and especially rich coming just days after you asked us to extend you a "professional courtesy" to postpone the scheduling conference in Florida so that one of your colleagues could go on a long-planned vacation in south east Asia - a request we did not oppose. Despite knowing about that hearing for almost two months, you only bothered to inform us of the long-planned vacation just a few days before the scheduled hearing. Your efforts to forego a meet and confer now or to force a discussion on a national holiday are not compliant with your obligations.

We have provided sufficient and reasonable options for a meet and confer but you continue to ignore them.

You have also now admitted that your opposition to Bacardi Ltd.'s motion was unwarranted.

We stand ready to meet and confer on the dates and times we provided.

**MICHAEL C. LYNCH**
Chair, Litigation Practice Group

**Kelley Drye & Warren LLP**
101 Park Avenue
New York, NY 10178
Tel: (212) 808-5082
Cell: (917) 405-4946

WWW.KELLEYDRYE.COM
Bio
mlynch@kelleydrye.com

On Jun 30, 2017, at 1:25 PM, Lynch, Michael <MLynch@KelleyDrye.com> wrote:

    Counsel,

Exhibit D
-9-
1

We disagree that you have fulfilled your meet and confer obligations.  Local Rule 7-3 requires you to discuss thoroughly the substance of the contemplated motion and any potential resolution.

Numerous courts have clarified that a party's attempts to satisfy the meet and confer obligations set forth in LR 7-3 by sending emails or letters – *i.e.*, without actually discussing the contemplated motion – are insufficient.  *Abtahi v. Chase Home Fin. LLC*, No. SACV 09-1511-JST (ANx)), 2011 U.S. Dist. LEXIS 68428, at *2 (C.D. Cal. June 27, 2011) (stating "the mailing of a letter is not a 'conference' pursuant to the local rule.").  *See also Aviles v. Quik Pick Express,LLC*, No. CV-15-5214-MWF (AGR), 2015 U.S. Dist. LEXIS 127888, at *5-6 (C.D. Cal. Sept. 23, 2015) (finding e-mail correspondence without an actual conference before the filing of a motion was not in strict compliance with Local Rule 7-3); *Dickens v. Am. Int'l Grp. Inc.*, No. CV 13-02181 BRO (DTBx), 2014 U.S. Dist. LEXIS 22216, at *1-4 (C.D. Cal. Feb. 20, 2014) (finding Plaintiff's counsel failed to comply with Local Rule 7-3 where there was no attempt to meet and confer prior to filing a motion and noting Local Rule 7-3 "is of such importance that a district court may even deny a party's motion for failing to comply with its requirements"); *Alcatel-Lucent USA*, *INC. v. Dugdale Commc'ns*, *Inc.*, No. CV 09-2140 PSG (JCx), 2009 U.S. Dist. LEXIS 100499, at *9-11 (C.D. Cal. Oct. 13, 2009) (stating "[t]he meet and confer requirements of Local Rule 7-3 are in place for a reason, and counsel is warned that nothing short of strict compliance with the local rules will be expected in this Court.  Thus, the motion is also denied for failure to comply with Local Rule 7-3."); *Superbalife*, *Int'l v. Powerpay*, No. CV 08-5009, 2008 U.S. Dist. LEXIS 89204, at *3-5 (C.D. Cal. Oct. 7, 2008) (denying motion where brief phone call requesting extension and confirming email was insufficient to constitute compliance with required rule regarding conferences).

Your position is not clear from your email and we would like to discuss it thoroughly over the phone.  The concerns we would like to discuss include, but are not limited to, what legal support, if any, you have for certain of the draconian remedies you seek in your motion.  Without knowing the legal basis for the remedies sought, we cannot meaningfully evaluate your motion as contemplated under LR 7-3.  Additionally, we note that you now argue that the "motion to transfer venue should never have been brought," which means you are now acknowledging that there is no personal jurisdiction over Bacardi Ltd., something we asked you to consent to many months ago.

We are prepared to meet and confer on July 5 between 2:00-4:00pm EST or July 6 between 12:00-5:00pm EST.  Please let us know what time works and we will set up the call.


**MICHAEL C. LYNCH**
Chair, Litigation Practice Group

**Kelley Drye & Warren LLP**
Tel: (212) 808-5082
Cell: (917) 405-4946
mlynch@kelleydrye.com

---

**From:** Wilson, Drew [mailto:DWilson@lrrc.com]
**Sent:** Thursday, June 29, 2017 7:22 PM
**To:** Calvaruso, Andrea <ACalvaruso@KelleyDrye.com>; Lynch, Michael <MLynch@KelleyDrye.com>; Rossi, Carla <CRossi@KelleyDrye.com>; Kronstadt, Ken <KKronstadt@KelleyDrye.com>; LADocket@KelleyDrye.com
**Cc:** Bleeker, Warren <wbleeker@lrrc.com>; Nelson, Gary <gnelson@lrrc.com>; Bolter, Linda L.

Exhibit D
-10-

<LBolter@lrrc.com>; Chavez, Norberto <nchavez@lrrc.com>; Koplow, Mike <MKoplow@lrrc.com>
**Subject:** RE: Request to Meet and Confer Lodestar v. Bacardi LRRC Ref. No. 302289-00006

Hi Andrea,

Lodestar has identified in detail the basis for its upcoming motion, and Bacardi has stated that it will oppose the motion.  We have therefore satisfied our meet and confer requirements.  You are welcome to call us if you have any further questions.

Respectfully,

Drew

**Drew Wilson**
Intellectual Property Attorney
626.683.4589 office
DWilson@lrrc.com
_____
<image001.png>
Lewis Roca Rothgerber Christie LLP
655 North Central Avenue, Suite 2300
Glendale, CA 91203-1445
lrrc.com

---

**From:** Calvaruso, Andrea [mailto:ACalvaruso@KelleyDrye.com]
**Sent:** Thursday, June 29, 2017 2:35 PM
**To:** Wilson, Drew; Lynch, Michael; Rossi, Carla; Kronstadt, Ken; LADocket@KelleyDrye.com
**Cc:** Bleeker, Warren; Nelson, Gary; Bolter, Linda L.; Chavez, Norberto; Koplow, Mike
**Subject:** RE: Request to Meet and Confer Lodestar v. Bacardi LRRC Ref. No. 302289-00006

We are not available tomorrow.

**ANDREA CALVARUSO**
Chair, Trademark and Copyright Practice

**Kelley Drye & Warren LLP**
(212) 808-7853
acalvaruso@kelleydrye.com

---

**From:** Wilson, Drew [mailto:DWilson@lrrc.com]
**Sent:** Thursday, June 29, 2017 5:34 PM
**To:** Calvaruso, Andrea <ACalvaruso@KelleyDrye.com>; Lynch, Michael <MLynch@KelleyDrye.com>; Rossi, Carla <CRossi@KelleyDrye.com>; Kronstadt, Ken <KKronstadt@KelleyDrye.com>; LADocket@KelleyDrye.com
**Cc:** Bleeker, Warren <wbleeker@lrrc.com>; Nelson, Gary <gnelson@lrrc.com>; Bolter, Linda L. <LBolter@lrrc.com>; Chavez, Norberto <nchavez@lrrc.com>; Koplow, Mike <MKoplow@lrrc.com>
**Subject:** RE: Request to Meet and Confer Lodestar v. Bacardi LRRC Ref. No. 302289-00006

What is your availability tomorrow?

Exhibit D
-113-

**Drew Wilson**
Intellectual Property Attorney
626.683.4589 office
DWilson@lrrc.com
_____

<image002.png>
Lewis Roca Rothgerber Christie LLP
655 North Central Avenue, Suite 2300
Glendale, CA 91203-1445
lrrc.com

---

**From:** Calvaruso, Andrea [mailto:ACalvaruso@KelleyDrye.com]
**Sent:** Thursday, June 29, 2017 2:23 PM
**To:** Wilson, Drew; Lynch, Michael; Rossi, Carla; Kronstadt, Ken; LADocket@KelleyDrye.com
**Cc:** Bleeker, Warren; Nelson, Gary; Bolter, Linda L.; Chavez, Norberto; Koplow, Mike
**Subject:** RE: Request to Meet and Confer Lodestar v. Bacardi LRRC Ref. No. 302289-00006


Drew:

We don't agree with your characterization of the Florida Court's order and we disagree that there is any basis for your proposed motion.

We are not available to meet and confer on July 3rd. We are available July 5th from 2-3 ET or July 6th at 11 am ET.

Andrea


### ANDREA CALVARUSO

Chair, Trademark and Copyright Practice

**Kelley Drye & Warren LLP**
(212) 808-7853
acalvaruso@kelleydrye.com

---

**From:** Wilson, Drew [mailto:DWilson@lrrc.com]
**Sent:** Wednesday, June 28, 2017 7:46 PM
**To:** Calvaruso, Andrea <ACalvaruso@KelleyDrye.com>; Lynch, Michael <MLynch@KelleyDrye.com>; Rossi, Carla <CRossi@KelleyDrye.com>; Kronstadt, Ken <KKronstadt@KelleyDrye.com>; LADocket@KelleyDrye.com
**Cc:** Bleeker, Warren <wbleeker@lrrc.com>; Nelson, Gary <gnelson@lrrc.com>; Bolter, Linda L. <LBolter@lrrc.com>; Chavez, Norberto <nchavez@lrrc.com>; Koplow, Mike <MKoplow@lrrc.com>
**Subject:** Request to Meet and Confer Lodestar v. Bacardi LRRC Ref. No. 302289-00006

Andrea,

As you know, the court in the Florida found "the most impelling and unusual circumstances" that justified retransfer of the case back to the Central District.  (Opp. at 6)  These "impelling and unusual circumstances" arose from Bacardi's "misleading representations to the Central District of [California] concerning personal jurisdiction" that lead the Central District to erroneously find that venue was appropriate in Florida. (Opp. at 15)

Exhibit D
-12-
4

The motion to transfer venue should never have been brought.  As the Florida court noted, "courts almost unanimously hold that a party seeking to transfer a case under 28 U.S.C. 1404(a) must demonstrate that the transferee court  has subject matter jurisdiction, that venue is proper and that there is personal jurisdiction in the transferee forum over **each** defendant in a given action."  (Opp. at 10)  As the Florida court held, *Wild v. Subscription*, 292 F.3d 526, 531 (7th Cir. 2002), the one case that did not have the requirement for **each** defendant was not a 9th Circuit case and was easily distinguishable.  Bacardi had no good faith basis for bringing the transfer motion.

These same "impelling and unusual circumstances" also justify sanctions against Bacardi.  Therefore, Lodestar requests that Bacardi meet and confer with Lodestar no later than Monday July 3, 2017 to discuss Lodestar's pending motion for:

- Attorney's fees for the motion to transfer filed in the Central District, the motion for reconsideration filed in the Central District, the motion for retransfer filed in Florida, the motion to dismiss Bacardi filed in Florida, and this motion.
- Costs for all of the above motions.
- All costs and fees associated with Lodestar's retention of local counsel in Florida.
- All costs and fees associated with Lodestar's pro hac admissions in Florida.
- All costs and fees associated in any way with the Florida case.
- An order revoking Bacardi's attorney's pro hac admissions.
- An order finding that Bacardi has waived its personal jurisdiction arguments as a result of its behavior.
- An order deeming venue to be sufficiently convenient for the parties in California.
- An order prohibiting Bacardi from filing a second motion to transfer.

Please let me know your availability as soon as possible.

Respectfully,

**Drew Wilson**
Intellectual Property Attorney
626.683.4589 office
DWilson@lrrc.com
_____
<image003.png>
Lewis Roca Rothgerber Christie LLP
655 North Central Avenue, Suite 2300
Glendale, CA 91203-1445
lrrc.com

This message and any attachments are intended only for the use of the individual or entity to which they are addressed. If the reader of this message or an attachment is not the intended recipient or the employee or agent responsible for delivering the message or attachment to the intended recipient you are hereby notified that any dissemination, distribution or copying of this message or any attachment is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender. The information transmitted in this message and any attachments may be privileged, is intended only for the personal and confidential use of the intended recipients, and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521.

The information contained in this E-mail message is privileged, confidential, and may be protected from disclosure; please be aware that any other use, printing, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction. If you think that you have received this E-mail message in error, please reply to the sender.

Exhibit D
-13-

This E-mail message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened. However, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Kelley Drye & Warren LLP for any loss or damage arising in any way from its use.

---

This message and any attachments are intended only for the use of the individual or entity to which they are addressed. If the reader of this message or an attachment is not the intended recipient or the employee or agent responsible for delivering the message or attachment to the intended recipient you are hereby notified that any dissemination, distribution or copying of this message or any attachment is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender. The information transmitted in this message and any attachments may be privileged, is intended only for the personal and confidential use of the intended recipients, and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521.

The information contained in this E-mail message is privileged, confidential, and may be protected from disclosure; please be aware that any other use, printing, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction. If you think that you have received this E-mail message in error, please reply to the sender.

This E-mail message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened. However, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Kelley Drye & Warren LLP for any loss or damage arising in any way from its use.

---

This message and any attachments are intended only for the use of the individual or entity to which they are addressed. If the reader of this message or an attachment is not the intended recipient or the employee or agent responsible for delivering the message or attachment to the intended recipient you are hereby notified that any dissemination, distribution or copying of this message or any attachment is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender. The information transmitted in this message and any attachments may be privileged, is intended only for the personal and confidential use of the intended recipients, and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521.

The information contained in this E-mail message is privileged, confidential, and may be protected from disclosure; please be aware that any other use, printing, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction. If you think that you have received this E-mail message in error, please reply to the sender.

This E-mail message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened. However, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Kelley Drye & Warren LLP for any loss or damage arising in any way from its use.