**GARY J. NELSON, CA Bar No. 184651**
gnelson@lrrc.com
**G. WARREN BLEEKER, CA Bar No. 210834**
wbleeker@lrrc.com
**DREW WILSON, CA Bar No. 283616**
dwilson@lrrc.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
**655 N. Central Avenue, Suite 2300**
**Glendale, California 91203-1445**
**Telephone: (626) 795-9900**
**Facsimile: (626) 577-8800**

Attorneys for Plaintiff and Counterclaim Defendant
LODESTAR ANSTALT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LODESTAR ANSTALT, a Lichtenstein company, <br><br> Plaintiff, <br><br> vs. <br><br> BACARDI & COMPANY LIMITED, a Lichtenstein company, BACARDI U.S.A., INC., a Delaware corporation, and BACARDI LIMITED, a Bermuda company, <br><br> Defendants. | Case No. 2:16-cv-06411-CAS (FFMx) <br><br> **PLAINTIFF LODESTAR ANSTALT'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SANCTIONS** <br><br> **Hearing Date:  August 7, 2017** <br> **Time:  10:00 a.m.** <br> **Ctrm: 8D, First Street Courthouse** <br><br> **Hon. Christina A. Snyder** |
| AND RELATED COUNTERCLAIMS. | |

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

1

## <u>TABLE OF CONTENTS</u>

2
<u>Page</u>

3   I.     INTRODUCTION.................................................................................1

4   II.    THE ISSUES DECIDED BY THE DISTRICT COURT FOR THE
5          SOUTHERN DISTRICT OF FLORIDA ARE THE LAW OF
           THE CASE..........................................................................................1

6   III.   DEFENDANTS HAD NO GOOD FAITH BASIS TO SEEK
7          TRANSFER TO FLORIDA..................................................................2

8   V.     LODESTAR SATISFIED ITS OBLIGATIONS TO MEET AND
9          CONFER UNDER LOCAL RULE 7-3 ........................................ 14

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abtahi v. Chase Home Fin. LLC*,
  No. SACV 09-1511-JST,
  2011 U.S. Dist. LEXIS 68428 (C.D. Cal. June 27, 2011) ............................. 16

*Alcatel-Lucent USA, INC. v. Dugdale Commc'ns, Inc.*,
  No. CV 09-2140 PSG,
  2009 U.S. Dist. LEXIS 100499 (C.D. Cal. Oct. 13, 2009) ............................. 17

*Aviles v. Quik Pick Express, LLC*,
  No. CV-15- 5214-MWF (AGR),
  2015 U.S. Dist. LEXIS 127888 (C.D. Cal. Sept. 23, 2015)............................ 17

*Christianson v. Colt Indus. Operating Corp.*,
  486 U.S. 800, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988) ................................ 1

*Cohen v. Versatile Studios, Inc.*,
  No. CV 13-4121 GAF,
  2013 U.S. LEXIS 198767 (C.D. Cal. Nov. 15, 2013).................................. 5, 6

*Deep v. XAC, LLC*,
  No. 07-8-C,
  2007 U.S. Dist. LEXIS 32897 (W.D. Ky. May 2, 2007 ................................... 8

*Dewan v. M-I, L.L.C.*,
  No. 1:14-CV-01151-AWI,
  2015 WL 3797462 (E.D. Cal. June 18, 2015)................................................. 2

*Encyclopedia Britannica, Inc. v. Magellan Navigation, Inc.*,
  512 F.Supp.2d 1169 (W.D. Wis. 2007)........................................................... 8

*Fine v. Cambridge Int'l Sys.*,
  584 Fed. Appx 695 (9th Cir. 2014) ............................................................. 5, 6

*In re Girardi*,
  611 F.3d 1027 (9th Cir. 2010)........................................................... 11, 12, 13

*Goes Int'l AB v. Wuzla*,
  No. CV 13-7102 PA (Ex),
  2014 U.S. Dist. LEXIS 193278 (C.D. Cal. Apr. 7, 2014)............................. 5, 6

*H.P.D. Consolidation, Inc. v. Pina*,
  No. 15-cv-05309, 2017 WL 1046960 (N.D. Cal. March 20, 2017)................ 11

*Hoffman v. Blaski*,
  363 U.S. 335 (1960). In the Retransfer Order, Judge Ungaro ................*passim*

*Hospital of Barstow, Inc. v. California Nurses Ass'n/Nat. Nurses*
  *Organizing Committee*,
  2014 WL 4679042 (C.D. Cal. 2014)..................................................... 13

*In Dickens v. Am. Int'l Grp. Inc.*,
  No. CV 13-02181 BRO,
  2014 U.S. Dist. LEXIS 22216 (C.D. Cal. Feb. 20, 2014).............................. 17

*In re Girardi*,
  611 F.3d at 1038 n.4. ......................................................................... 11

*Liberty Media Holding, LLC v. Tabora*,
  No. 11-CV-651-IEG JMA,
  2012 WL 28788 (S.D. Cal. Jan. 4, 2012) ................................................. 7, 9, 10

*Pac. Coast Marine Windshields v. Malibu Boats*,
  No. 1:11-CV-01594-LJO, 2011 WL 6046308 (E.D. Cal. Dec. 5, 2011),
  *report and recommendation adopted sub nom. Pac. Coast Marine*
  *Windshields v. Boats*, No. 1:11-CV-1594 LJO BAM,
  2012 WL 12903557 (E.D. Cal. Jan. 4, 2012)................................. 1, 3

*Superbalife, Int'l v. Powerpay*,
  No. CV 08-5009,
  2008 U.S. Dist. LEXIS 89204 (C.D. Cal. Oct. 7, 2008) .............................. 17

*Washington Pub. Utilities Grp. v.*
  *U.S. Dist. Court for W. Dist. of Washington*,
  843 F.2d 319 (9th Cir. 1987)................................................................. 7

*Wild v. Subscription*,
  292 F.3d 526 (7th Cir. 2002)................................................. 3, 4, 8

**Statutes**

28 U.S.C. 1404(a) ........................................................................... 3

28 U.S.C. 1406(a) ........................................................................... 3

-iii-

28 U.S.C. §§1391 ................................................................................................ 9

**Other Authorities**

15 Fed. Prac. & Proc. Juris. § 3845 § 3845 (4th ed.) ............................................ 7

Federal Rule of Civil Procedure 4 ..................................................................... 17

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I.      **<u>INTRODUCTION</u>**

The Florida District Court already held that Defendants Bacardi U.S.A, Inc., Bacardi and Company, Ltd. and Bacardi Ltd. ("Defendants") "explicitly" made misrepresentations to this Court, that were material, and that the *Hoffman* Supreme Court holding is controlling case law, and requires a party seeking transfer to prove that personal jurisdiction in the transferor court is proper for all defendants.  These legal holdings are the law of the case and are binding on the parties.  Defendants fail to offer any evidence, and do not even attempt to argue, that the law of the case should not be followed.

Further, Defendants cannot dispute that sanctions are appropriate where counsel recklessly or intentionally misleads the court.  The record clearly supports such a finding and the requested relief.  Defendants do not even challenge the amount of monetary sanctions sought.

Plaintiff's motion should therefore be granted in full.

II.     **<u>THE ISSUES DECIDED BY THE DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA ARE THE LAW OF THE CASE.</u>**

The June 26, 2017 Order on Motion to Retransfer Venue ("Retransfer Order") issued by the United States District Court for the Southern District of Florida is the law of the case for this matter.  [Dkt. No. 59 (filed in the Southern District of Florida as Dkt. No. 89)].  "[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 815-16, 108 S. Ct. 2166, 2177, 100 L. Ed. 2d 811 (1988)  "Federal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts." *Id.* at 816.  Thus, under the law of the case doctrine, "a transferee court does not directly review either the transfer order or other rulings of the transferor court." *Pac. Coast Marine Windshields v. Malibu Boats*, No. 1:11-CV-01594-LJO, 2011

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

WL 6046308, at *2 (E.D. Cal. Dec. 5, 2011), *report and recommendation adopted sub nom. Pac. Coast Marine Windshields v. Boats*, No. 1:11-CV-1594 LJO BAM, 2012 WL 12903557 (E.D. Cal. Jan. 4, 2012); *Dewan v. M-I, L.L.C.*, No. 1:14-CV-01151-AWI, 2015 WL 3797462, at *5 (E.D. Cal. June 18, 2015).

The only narrow exceptions to the law of the case doctrine in transferred actions are where there is a change in the governing law, changed circumstances (such as new evidence is available), or when clear error has been committed. *See* Dkt. No. 59 at pp. 4-6 (and case law cited)  Defendants cannot show that any of these narrow exceptions apply.  Judge Ungaro's Order is therefore the law of the case.  Thus, Defendants' attempt to re-litigate these issues already decided by Judge Ungaro in Florida are legally barred, inappropriate, and further evidence that Defendants are unnecessarily increasing the costs of this case.

## III.  DEFENDANTS HAD NO GOOD FAITH BASIS TO SEEK TRANSFER TO FLORIDA

### A.  Defendants Had No Objectively Reasonable Basis To Seek Transfer Given Their Position That Personal Jurisdiction Over Bacardi Ltd. Is Not Proper In Florida.

This Court should reject Defendants' attempt to avoid sanctions by attempting to re-litigate legal issues that have already been decided and are the law of the case.

In its original motion to transfer, Defendants argued that "this action could have been brought in the United States District for the Southern District of Florida because the requirements for . . . personal jurisdiction . . . are satisfied." [Dkt. No. 42 at p. 5.]  The only legal authority relied on by Defendants for this statement was *Hoffman v. Blaski*, 363 U.S. 335 (1960).  In the Retransfer Order, Judge Ungaro held, based on *Hoffman* "and well-settled case law from other jurisdictions, that the Central District of California could only transfer the case if it found—or if there was no reasonable dispute—that there was personal

-2-

jurisdiction over BCL, BUSA and Bacardi, Ltd. in Florida at the time that Plaintiff's suit was filed." [Dkt. No. 59 at p. 12.]   Under the law of the case, and otherwise, *Hoffman* is controlling Supreme Court precedent.   Thus, given Defendants position that the Florida Court cannot exercise personal jurisdiction over Bacardi Ltd., Defendants had no good faith basis to seek to transfer under Section 1404.

Defendants' continued reliance on the *Wild* case is also objectively unreasonable.  Judge Ungaro has already held that "*Wild* is not binding on this Court or on the Central District of California and, therefore, should not be followed to the exclusion of contrary Ninth Circuit or Eleventh Circuit precedent. *See, e.g., Pacific Coast Marine*, 2011 WL 6046308, at *4 n. 4 (declining to apply *Wild* to motion to retransfer brought in the Eastern District of California)." (Dkt. No. 59 at p. 12).  Judge Ungaro also noted in footnote 3 that the Court "also rejects *Wild* to the extent that it is inconsistent with the United States Supreme Court's decision in *Hoffman*, 363 U.S. at 335." (*Id.* at 12).  Judge Ungaro further ruled that:

> In addition, *Wild* is patently different from this case because it involved over a dozen defendants, located in different states within the United States, where there was no single federal district that had personal jurisdiction over all of the parties. *Wild*, 292 F.3d at 531-32. In contrast, this case involves only three Defendants, where only one is allegedly outside the jurisdiction over the United States. The Court, therefore, accords *Wild* little weight.

(Dkt. No. 59 at p. 12).

In addition, there are other notable reasons why *Wild* is not applicable here. *Wild* discusses transfers under Section 1406(a) not Section 1404(a).  *Wild*, 292 F.3d at 531.  Section 1406(a) is a separate transfer provision invoked when the case is currently pending in a court were venue is "laid in the wrong division." 28

-3-

U.S.C. 1406(a).   The court's options are to dismiss the complaint or transfer it in the "interest of justice."   *Id.*   In contrast, a 1404(a) motion is made "for the convenience of the parties and the witnesses."   28 U.S.C. 1404(a).   Venue is proper in the transferor court, but it is simply more convenient in another.

The district court in *Wild* could either transfer the case, or dismiss it which "would have resulted in plaintiff losing a substantial part of its cause of action under the statute of limitations." *Wild*, 292 F.3d at 531.   In such an instance, transferring the case to a venue where all but one of the defendants is amenable to suit is the much better choice.[1]   Here, at least two of the three defendants are indisputably amenable to suit.   Unlike *Wild*, this Court is not faced with the dilemma of dismissing the case and foreclosing Lodestar's claims or transferring the case to a district where it could never have been originally brought.

Defendants' attempt to distinguish *Hoffman* **now** is particularly inappropriate as they cited mainly to *Hoffman* as binding authority in their original motion for transfer for the personal jurisdiction requirement. (Dkt. No. 42 at 5).   Defendants' claim that *Hoffman* is irrelevant to the case at bar because "the issue was whether defendants could waive personal jurisdiction in the transferee forum" (Dkt. No. 73 at 15) is further evidence of their bad faith litigation conduct.   As the Florida court correctly noted, the only reason why waiving personal jurisdiction was an issue in *Hoffman* was because the district court could not transfer the case to the transferee forum because the transferee form lacked personal jurisdiction over all of the defendants at the time the case was filed. *Hoffman*, 363 U.S. at 342-344; (Dkt. No. 59 at p. 12).   The defendants tried to cure this defect by consenting to jurisdiction, which the Supreme Court found to

---

[1]   Whether the Florida court was mistaken as to what the "bad result not contemplated by Congress was" as Defendants now suggest is irrelevant. The Florida court correctly noted that the facts are markedly different from the case at bar, and does not serve as a substitute to contrary Ninth Circuit or Eleventh Circuit precedent.  (Dkt. No. 59 at pp. 11-12)

-4-

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

1     be improper ruling the "could have been brought" standard was applied only to

2     the time when plaintiff first filed its case. *Id.*

3         This is the portion of *Hoffman* that was overturned by Congress in 2011,[2]

4     and explains *Fine*, *Cohen*, and *Goes* which are addressed in further detail below.

5     In each of those cases, the defendant waived personal jurisdiction in the transferee

6     court. Under the 2011 changes to 1404(a) which added "or which all parties have

7     consented," those cases could be transferred to the consented to transferee court

8     in which a plaintiff could not have originally brought the case. In stark contrast,

9     Bacardi Limited did not consent to personal jurisdiction in Florida and moved to

10    dismiss itself for lack of personal jurisdiction as soon as the case was transferred.

11
12    **A.**     **The Ninth Circuit Cases Defendants Now Attempt To Rely Upon are Readily Distinguishable**

13         Each of the Ninth Circuit cases which Defendants contend support the

14    position that the Court need not consider personal jurisdiction prior to transfer, is

15    distinguishable from the case at bar. First, as to the Defendants' contention that

16    the Florida Court failed to address the Ninth Circuit's decision in *Fine v.*

17    *Cambridge Int'l Sys.*, 584 Fed. Appx 695, 696 n.2 (9th Cir. 2014), Bacardi's

18    selective quoting from a footnote of an unpublished two-page decision belies the

19    case's significance. The case was cited by the Defendants in a string citation, with

20    little analysis. (Defendant's Opposition to Plaintiff's Motion to Re-Transfer

21    Venue at 11, Case No. 1:17-CV-21505-UU (S.D. Fla. June 8, 2017), Dkt. No.

22    81.) Even a cursory review of the *Fine* decision reveals that it is irrelevant to the

23    case at bar. *Fine* concerned an employment dispute involving an employment

24    contract that contained a forum selection clause. *Fine*, 584 Fed. Appx at 695-96.

25    The Ninth Circuit advised that on remand the district court need only address

26    whether *the district court itself* had personal jurisdiction if the district court

27
28    [2] Defendants acknowledge this fact in Footnote 8 of the opposition brief.

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

1   declined to transfer the action under Section 1404(a). *Fine*, 584 Fed. Appx at
2   696. Then, in a footnote, the Court noted that "[i]f the district court decides to
3   transfer venue, the transferee district court will determine the question of personal
4   jurisdiction should it be raised." *Id.*at n.2. The parties had already agreed—in
5   writing—that the transferee court was the proper court to hear the dispute. That is
6   not the case here. Moreover, the holding in *Fine* that the transferor Court need
7   not determine if personal jurisdiction is proper in the transferee Court appears to
8   be inconsistent with *Hoffman*.

9       *Cohen v. Versatile Studios, Inc.*, No. CV 13-4121 GAF (MANx), 2013
10   U.S. LEXIS 198767, *10 (C.D. Cal. Nov. 15, 2013) is also distinguishable from
11   the case at bar, and Defendants' selective quoting omits critical statements that
12   demonstrates its irrelevance. Notably the court said that "Whether this action
13   'might have been brought' in the Southern District of New York **depends on**
14   **whether that court has** subject matter jurisdiction over the claims and **personal**
15   **jurisdiction over the parties**." *Cohen*, 2013 U.S. LEXIS 198767, at *11
16   (emphasis added). Most importantly: "Currently, **there is no dispute regarding**
17   either subject matter jurisdiction or **personal jurisdiction and both parties**
18   **concede that the case could have been brought in the Southern District of**
19   **New York**." *Id.* at *11-12 (emphasis added). In the present case, there is clearly
20   a dispute as to personal jurisdiction, of which Lodestar was unaware at the time
21   Defendants made their motion to transfer.

22      Defendants' reliance on *Goes Int'l AB v. Wuzla*, No. CV 13-7102 PA (Ex),
23   2014 U.S. Dist. LEXIS 193278, at *6 (C.D. Cal. Apr. 7, 2014) fares no better
24   than *Fine* or *Cohen*. Again the court stated that "defendants must be subject to
25   personal jurisdiction" in the transferee court. *Id.* at *7. And again, "Plaintiff does
26   not dispute that it could have commenced this action in the **Eastern District of**
27   **New York, where Wuzla has consented to that court's personal jurisdiction**."
28   *Id.* at *7-*8 (emphasis added). In *Goes Int'l*, the defendant *had consented* to

101921060_2

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

personal jurisdiction in the transferee forum, and plaintiff had conceded that it could have originally brought the action in the transferee forum.  Under those circumstances the court could decide transfer issues before personal jurisdiction. *Id.* at *6 ("Because of the significant personal jurisdiction issues raised by Wuzla's Motion, **and its waiver of any personal jurisdiction defenses if the action were to proceed in the Eastern District of New York**, the Court will address venue before considering the other issues raised by the Motion.") (emphasis added).

None of the above cases refute the well settled Ninth Circuit and Supreme Court case law that requires the transferee court to have personal jurisdiction over *all* defendants.  *Hoffman,* 363 U.S. at 335 (holding that a case could not be transferred to a court that lacked personal jurisdiction over two Texas-based defendants); § 3845 Forums to which Transfer Possible, 15 Fed. Prac. & Proc. Juris. § 3845 (4th ed.) ("In suits against multiple defendants, transfer is proper only to a district in which all of them are subject to personal jurisdiction and in which venue is proper for an action against all of them."); *see Washington Pub. Utilities Grp. v. U.S. Dist. Court for W. Dist. of Washington*, 843 F.2d 319, 328 (9th Cir. 1987) (affirming transfer under 28 U.S.C. § 1404(a) where "[t]here is no dispute that all of the defendants in the instant matter have minimum contacts with the United States" and, therefore, "the District of Arizona (Tucson) has personal jurisdiction in this action"); see also *Liberty Media Holding, LLC v. Tabora*, No. 11-CV-651-IEG JMA, 2012 WL 28788, at *8 (S.D. Cal. Jan. 4, 2012) ("Accordingly, for the Court to transfer the case to the Southern District of Florida, Plaintiff must show that Defendants are subject to personal jurisdiction in that district.")

**B.      Defendants Failed To Cite Any Of Its Newly-Relied On Legal Authority When It Originally Sought Transfer**

As explained above, Defendants now purport to rely on Sixth and Seventh

-7-

101921060_2

Circuit cases for the proposition that the transferee court need not have personal jurisdiction over all defendants. Tellingly, Defendants failed to cite, and made no reference to *any* of these cases during their briefing to this Court in their original motion to transfer. Moreover, these newly-cited Sixth and Seventh Circuits are not the relevant case law for either the transferee *or* the transferor court. Defendants' attempted *post hoc* reliance on out of circuit case law that appears to contradict with the binding Supreme Court precedent that Defendants cited originally, only further shows how Defendants actions were not justified and unreasonable.

Had Defendants intended to be forthright and to disclose their personal jurisdiction defense and accompanying legal theory that personal jurisdiction need not be proper over all defendants in the transferor Court, one would expect to see citations to the newly cited authority in their briefs originally submitted to this Court. Instead, they cited to *Hoffman*, the controlling Supreme Court case that requires that the transferor Court to determine that the transferee Court has personal jurisdiction over all defendants. Defendants never mentioned *Wild v. Subscription*, 292 F.3d 526, 531 (7th Cir. 2002); *Encyclopedia Britannica, Inc. v. Magellan Navigation, Inc.*, 512 F.Supp.2d 1169, 1173 (W.D. Wis. 2007), or *Deep v. XAC, LLC*, No. 07-8-C, 2007 U.S. Dist. LEXIS 32897 (W.D. Ky. May 2, 2007). This is further evidence of their bad faith conduct.

## C.  Defendants' Attempt To Explain Their Misleading Statements Fails

Defendants' attempt to explain away their definition of "Bacardi" to mean all three Defendants as simply an oversight, lacks merit.

Throughout their briefs and declarations submitted to this Court, Defendants consistently defined "Bacardi" to mean all three Bacardi Entities, and when referring to an individual Defendant, referred to that particular entity.

Defendants now contend that its definition of "Bacardi" was simply an

-8-

101921060_2

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

1    oversight and was not meant to obscure the fact that Defendants believed the

2    entire time that Defendant Bacardi Limited was not subject to personal

3    jurisdiction in the transferee court. (Dkt. No. 73 at 11-14)

4         Judge Ungaro previously rejected this claim. Defendants made this same

5    argument to Judge Ungaro—that "they did not mislead the Central District of

6    California" (Dkt. No. 59 at p. 9) and the Court already flatly rejected it. Judge

7    Ungaro already held:

8              More specifically, the Bacardi Entities represented to the Central District of

9              California that the Southern District of Florida had "personal jurisdiction

10             over Bacardi," which they **explicitly defined to include** BCL, BUSA, and

11             Bacardi Ltd., because "Bacardi U.S.A.'s principle [*sic*] place of business in

12             the U.S. is Miami, Florida.

13   (Dkt. No. 59 at p. 14 (emphasis in original). Judge Ungaro further held that this

14   Court "accepted Bacardi Entities' apparent but misleading concession that they

15   were subject to personal jurisdiction in the Southern District of Florida." (*Id.* at p.

16   15). The Court further explained:

17             In other words, the Bacardi Entities' misleading representations to the

18             Central District of [California] concerning personal jurisdiction caused the

19             court to presume that: (1) the Southern District of Florida had personal

20             jurisdiction over each of the three Bacardi Entities at the time that Plaintiff

21             filed this action; and (2) because it had personal jurisdiction over "at least

22             one defendant," that venue was proper under 28 U.S.C. §§1391(b)(1) and

23             1391(b)(3).

24   (*Id.* at p. 15.)    Moreover, Defendants' misrepresentations were undoubtedly

25   material. (Dkt. No. 59 at p. 15 n. 4) ("This is underscored by the fact that the

26   Central District of California addressed personal jurisdiction and venue in only

27   one paragraph and, then, spent eight pages analyzing convenience of the parties

28   and witnesses and whether the interests of justice favor transfer.")

-9-

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

The Court held that based on this record, the transfer order was "based on clear error." *Id.* at p. 16. This too is the law of the case.

Moreover, the facts clearly show that Defendants knew that personal jurisdiction was required over all defendants in Florida. Defendants relied mainly on *Hoffman* in their moving papers on that point, which is binding Supreme Court precedent which stands for that proposition. Defendants then concealed their contention that the Florida court did not have personal jurisdiction over Defendant Bacardi Limited. Defendants "explicitly" misrepresented the facts to this Court. Defendants' new claim that they were relying on out of Circuit case law (which they never even cited in their original moving papers), and that their precise definitions, used consistently in their papers, were somehow an oversight, are simply not credible, was already rejected as a matter of law, and are further examples of how Defendants continue to attempt to mislead this Court and unnecessarily multiply the proceedings.

These actions were intentional. As Defendants' own opposition shows, when Defendants intend to refer to one of the entities, they refer to that specific entity: "**Bacardi & Co**. filed a trademark application in the USPTO for the mark at issue." (Dkt. No 73 at 11)  "**Bacardi U.S.A.'s** public relations marketing department…" (*Id*. at 12).  In their original motion to transfer, when Defendants intended to refer to all three Defendants, they use the defined term that Defendants defined at the beginning of the brief: "Defendants Bacardi & Company Limited ("Bacardi & Co."), Bacardi U.S.A., Inc. ("Bacardi U.S.A.") and Bacardi Limited ("Bacardi Ltd.") (collectively "Defendants" or "Bacardi") (Dkt. No. 42 at p. 7). Throughout the brief, they showed a clear ability to use these defined terms to accurately identify the party or parties they were referring to; "[t]he **Southern District of Florida could exercise personal jurisdiction over Bacardi** because **Bacardi U.S.A.'s** principal place of business in the U.S. is Miami, Florida." (Dkt No. 42 at p. 11) (emphasis in original); "**Bacardi** then

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

-10-

1   began using the BACARDI UNTAMEABLE mark to promote the sale of its
2   products in November 2013." (Dkt. No. 42 at p. 2) (emphasis in original).

3       Moreover, if this was truly an oversight, Defendants should have
4   voluntarily corrected the misleading statements after it was brought to their
5   attention.  Instead, Defendants refused to voluntarily transfer the case back to this
6   Court, and mounted every procedural and other obstacle possible to oppose
7   transfer back to this Court.

8   **IV.    SANCTIONS ARE WARRANTED**

9       The Ninth Circuit has made clear that "a finding that the attorney recklessly
10  or intentionally misled the court is sufficient to impose sanctions under § 1927."
11  *In re Girardi*, 611 F.3d 1027, 1061 (9th Cir. 2010).  "Recklessness means 'a
12  departure from ordinary standards of care that disregards a known or obvious risk
13  of material misrepresentation.'"  *H.P.D. Consolidation, Inc. v. Pina*, No. 15-cv-
14  05309, 2017 WL 1046960, at *3 (N.D. Cal. March 20, 2017) (quoting *In re
15  Girardi*, 611 F.3d at 1038 n.4.)

16      Defendants' "material" and "misleading" representations to this Court
17  concerning transfer, based on Judge Urgaro's holding, were at least reckless.  It
18  was reckless to "explicitly" represent to this Court that the Southern District of
19  Florida could exercise personal jurisdiction over all three Defendants when
20  Defendants now claim that they never believed the Florida Court had personal
21  jurisdiction over Bacardi Ltd.

22      Again, Defendants premised their entire request to transfer on the Supreme
23  Court's decision in *Hoffman*, stating "[a]s a threshold matter, this action could
24  have been brought in the United States District Court for the Southern District of
25  Florida because the requirements for subject matter jurisdiction, personal
26  jurisdiction, and proper venue are satisfied.  ***See Hoffman v. Blaski***, 363 U.S.
27  335, 343–44, 80 S.Ct. 1084 (1960)."  (Dkt. 42 at 11.)  (emphasis added).
28  Defendants relied on *Hoffman* to support that "this case could have been brought"

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

-11-

in the Florida Court, although they now claim that the ruling *Hoffman* is "not applicable" and was partially overruled on other grounds. (Dkt. 73 at 20-21.) It was at least reckless for Defendants to rely on the ruling of *Hoffman* to support transfer, when they now claim that *Hoffman* was inapplicable and irrelevant to their transfer request.

Further, Defendants now claim—based primarily on out of circuit decisions—that transfer is permissible even when the transferee court lacks personal jurisdiction over all Defendants. Again, if this was truly Defendants' position at the time of the original transfer motion, they would have explicitly stated this and they would not have represented that the Florida Court has personal jurisdiction over all three Defendants and would not have relied on *Hoffman* to support transfer. Rather, a reasonable (and non-reckless) litigant would have pointed out these cases and argued their position at the time.

Even if subjective bad faith were required for fees under 1927 (which it is not), Defendants' conduct here constitutes bad faith. Bad faith can occur when a litigant's filings recklessly and intentionally mislead the Court, or are reckless and frivolous. *In re Girardi*, 611 F.3d at 1061. "Each constitutes independent grounds upon which § 1927 sanctions are justified." *Id.*

As the Florida Court already held, Defendants made "explicit," "material," and "misleading" representations to secure transfer by this Court. Defendants "explicitly" defined "Bacardi" to refer to all three Bacardi entities, and submitted that (1) all three entities were using the subject mark in the U.S., (2) that all three entities spent $14 million in advertising the mark in the U.S., and (3) that all three entities used the same Miami-based distributor to sell products.

Defendants also submitted the sworn declaration of an in-house representative of Bacardi U.S.A., Inc., Ms. Lynett Exposito, who declared that each of these statements is true. (Dkt. 44.) It has already been determined that Defendants knew how to use these defined terms, and whoever drafted Ms.

-12-

Exposito's declaration carefully made separate statements with respect to the individual Defendants and for the collective group of Bacardi, even within the same paragraphs.  For example, the Exposito Declaration carefully identified that "Bacardi" (i.e., collectively) "uses BACARDI as its 'house mark' on or in connection with the promotion and sale of many alcohol products it sells." (Id. at ¶ 3.)   But in the next sentence in that paragraph, the Exposito Declaration identifies that it was "Bacardi & Co." that "has sought and obtained federal registrations and applications for the BACARDI marks." (Id.)

Given that Defendants now claim that these material representations are not true, the only reason to make such intentional representations is to mislead the Court.

Sanctions are therefore warranted under § 1927.  For the same reasons, sanctions are warranted under this Court's inherent powers and under Local Rules 11-9 and 83-7.

Unlike *Hospital of Barstow, Inc. v. California Nurses Ass'n/Nat. Nurses Organizing Committee*, 2014 WL 4679042, at *9 (C.D. Cal. 2014), relied on by Defendants, this case is not a situation of "he-said-she-said."  Here, the Florida Court expressly found that Defendants "made two important and material representations" in seeking to transfer, and that these "misleading representations" caused this Court to rely on them in transferring venue.

Further, revocation of Defendants' counsels' pro hac vice appointments is also warranted.  Defendants now claim that they filed their motion to transfer "with the reasonable belief based upon sound legal precedent that that [sic] the action could have been brought in Florida." (Dkt. 73 at 27.)   No credible evidence supports that claim.  It is simply not credible to believe that an attorney would possess "sound legal precedent" to support position "x" but not cite to any of those cases, and instead, cite to a controlling U.S. Supreme Court case that does not support the attorney's position.  As explained above, Defendants'

attempt to justify their actions after the fact are undermined by the clear language in their own motion to transfer.  Again, if Defendants reasonably believed that *Hoffman* was not controlling and was not good law, they would not have relied on *Hoffman* in their motion to transfer.  If Defendants reasonably believed that personal jurisdiction over all Defendants in the transferee Court was not required, they would have said so in their request to transfer.  Accordingly, revocation is warranted.

## V.   LODESTAR SATISFIED ITS OBLIGATIONS TO MEET AND CONFER UNDER LOCAL RULE 7-3

Defendants' last-ditch attempt to avoid sanctions by ducking requested phones conference for days, failing to return phone calls then claiming no proper meet and confer took place, claiming that a phone conference with the two senior associates charged with drafting the motion is inadequate, and demanding to speak with counsel on vacation in Thailand, are further evidence of bad faith conduct.

### A.   Lodestar Originally Disclosed The Bases For Its Sanction Motion Over Two Months Ago, On May 10, 2017

On May 10, 2017, Lodestar contacted opposing counsel and identified "the substance of the contemplated motion" in detail.  (Dkt. No. 54-2.)  On May 11, 2017, Defendants provided a detailed response indicating they would oppose the motion.  (Dkt. No. 54-3.)  Thus, as of May 11, 2017, now over two months ago, Plaintiff discharged its duties under Local Rule 7-3.

### B.   Lodestar Again Explained the Detailed Bases For its Motion on June 28, 2017

Then, on June 28, 2017, Lodestar again provided Defendants with a detailed outline of the motion, and proposed a further conference on May 29, 30, and July 3, none of which are national holidays despite the Defendants' erroneous characterization. (Dkt. No. 73 at 9, 23)  Contrary to the Defendants' contention,

-14-

101921060_2

the email that was sent requesting a meet and confer clearly laid out the basis for Lodestar's motion. The body of the email, which is attached as Exhibit A to Dkt. No. 64 states in relevant part:

> As you know, the court in the Florida found "the most impelling and unusual circumstances" that justified retransfer of the case back to the Central District. (Opp. at 6) These "impelling and unusual circumstances" arose from Bacardi's "misleading representations to the Central District of [California] concerning personal jurisdiction" that lead the Central District to erroneously find that venue was appropriate in Florida. (Opp. at 15)

> The motion to transfer venue should never have been brought. As the Florida court noted, "courts almost unanimously hold that a party seeking to transfer a case under 28 U.S.C. 1404(a) must demonstrate that the transferee court has subject matter jurisdiction, that venue is proper and that there is personal jurisdiction in the transferee forum over each defendant in a given action." (Opp. at 10) As the Florida court held, Wild v. Subscription, 292 F.3d 526, 531 (7th Cir. 2002), the one case that did not have the requirement for each defendant was not a 9th Circuit case and was easily distinguishable. Bacardi had no good faith basis for bringing the transfer motion.

> These same "impelling and unusual circumstances" also justify sanctions against Bacardi.

(*Id.*)

The above explanation provides Defendants an accurate description of the basis for this motion as is evident from the moving papers. On June 29, counsel for Defendants confirmed receipt of the email and indicated again they would

-15-

1   oppose the motion.  (Dkt. No. 69-4 (Exh. B)).  This email alone would have

2   satisfied Lodestar's Rule 7-3 obligation.  Thus, Defendants' assertion on page 28

3   of 30 of its opposition brief that "[a]t no point did Lodestar explain the legal basis

4   or substance of its contemplated motion" (Dkt. No. 73) is yet another explicit

5   misrepresentation to this Court and further grounds for sanctions.

6        Although not required, on June 30, 2017, counsel for Lodestar followed-up

7   by telephone with counsel for Defendants and offered to have a further

8   conference.  (Dkt. No. 69-3 at ¶ 6.)

9        Defendants first agreed to appear on a phone conference on July 6.  During

10  that call, Defendants once again did not stipulate to the requested relief.   (Dkt.

11  No. 69-3 at ¶ 8.)

12       Given the nature of this motion it is highly unlikely that the Defendants

13  would ever voluntarily agree to the requested relief.  Regardless, in two separate

14  emails dated May 11 and June 29, and in a phone conference on July 6,

15  Defendants unequivocally stated they would oppose the motion.  Plaintiff has

16  therefore clearly completed its obligations under Local Rule 7-3.

17       **C.    Defendants' Cited Legal Authority Does Not Support Its**

18            **Position**

19       Local Rule 7-3 requires the moving party to "contact opposing counsel to

20  discuss, thoroughly, *preferably in person*, the substance of the contemplated

21  motion." On its face, Local Rule 7-3 does not require an in-person phone call.  If

22  this were required, any party seeking to avoid the motion would simply not

23  answer or return any call from opposing counsel, and could successfully avoid the

24  filing of any motion.  No legal authority supports that absurd proposition.  The

25  cases that Defendants cite for the proposition that Lodestar's motion should be

26  denied for failing to properly meet and confer pursuant to Local Rule 7-3 either

27  involve a set of facts that are completely different from the case at bar, or the

28  court, while saying the parties did not properly meet and confer, ruled on the

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

-16-

motion anyway.

   While reviewing a motion to dismiss for failure to state a claim (not a sanctions motion) in *Abtahi v. Chase Home Fin. LLC*, No. SACV 09-1511-JST (ANx), 2011 U.S. Dist. LEXIS 68428, at *2 (C.D. Cal. June 27, 2011), it came to the Court's attention that the defendant's only effort to meet and confer was by mailing a letter to the plaintiff. Instead of dismissing the motion, the court issued an order to show cause as to why it should not dismiss for failure to comply with the rule. In *Aviles v. Quik Pick Express, LLC*, No. CV-15- 5214-MWF (AGR), 2015 U.S. Dist. LEXIS 127888, at *5-6 (C.D. Cal. Sept. 23, 2015) in a ruling regarding a motion for remand, the court found that the moving party's attempt to meet and confer via email was not in strict compliance with the rule, but decided to hear the motion anyway. *In Dickens v. Am. Int'l Grp. Inc.*, No. CV 13-02181 BRO (DTBx), 2014 U.S. Dist. LEXIS 22216, at *1-4 (C.D. Cal. Feb. 20, 2014) the court discussed an order to show cause and noted that plaintiff had not met and conferred before filing a frivolous motion. The failure to meet and confer was not the basis for the denial of the original motion or what made it frivolous. In *Alcatel-Lucent USA, INC. v. Dugdale Commc'ns, Inc.*, No. CV 09-2140 PSG (JCx), 2009 U.S. Dist. LEXIS 100499, at *9-11 (C.D. Cal. Oct. 13, 2009) a motion was dismissed for failure to comply with service under Federal Rule of Civil Procedure 4(m) and for failing to comply with Local Rule 7-3. In that case, the moving party called opposing counsel the day of the filing without making any previous attempts to arrange a meet and confer. *Superbalife, Int'l v. Powerpay*, No. CV 08-5009, 2008 U.S. Dist. LEXIS 89204 *3-5 (C.D. Cal. Oct. 7, 2008) involved a motion to dismiss wherein the moving party made no attempt whatsoever to meet and confer.

   Unlike the cases cited by Defendants, Lodestar had previously contacted opposing counsel on at least three occasions, both by email and phone, all such contacts occurred more than 7 days before filing the motion, and counsel actually

conferred on the phone, attorney to attorney, on the first date that counsel for Defendants made themselves available, which was still several days before the re-filing of the motion.  None of the cases cited by Defendants supports their claim of noncompliance with Local Rule 7-3.

### D.    Local Rule 7-3 Does Not Require a Partner To Participate

Defendants' contention that Lodestar was required to have an "authorized decision maker" on a Local Rule 7-3 call (Dkt. No. 73 at p. 10 ) is not supported by any legal authority.  The counsel representing Lodestar on the July 6 phone conference included a 7th-year associate and a 5th-year associate, both of whom were tasked with drafting different portions of the sanctions motion that was filed, and both of whom were fully up to speed on the facts and law cited in the motion, and were fully authorized to represent Lodestar's interests on the phone conference.  Defendants' claim that Lodestar is required to make its lead counsel attend the phone call, given the stated prior obligations, is not supported by any legal authority.  Moreover, Defendants' claim that Mr. Bleeker's trip to Southeast Asia, which was fully booked in January 2017, months prior to Defendants even moving to transfer in the first instance, and Mr. Nelson's prescheduled meeting, is evidence that Lodestar had a "lack of intent to meet and confer meaningfully," is unsupported and lacks merit.  The senior associates who attended the conference are the attorneys who drafted the motion and were able to discuss the substance of the motion thoroughly.

## VI.    CONCLUSION

Plaintiff's motion for sanctions should therefore be granted in full.

Dated:  July 24, 2017                    Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By   /s/G. Warren Bleeker
G. Warren Bleeker
Attorneys for Plaintiff
LODESTAR ANSTALT

-18-

101921060_2

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE