UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LODESTAR ANSTALT, a Lichtenstein company,<br><br>                Plaintiff,<br>   v.<br><br>BACARDI & COMPANY LIMITED, a Lichtenstein company, et al.,<br><br>                Defendants. | No. CV 16-6411 CAS (FFMx)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY |

On February 27, 2018, the parties submitted a Joint Stipulation Regarding Plaintiff's Motion to Compel Discovery from Defendants. (*See* Dkt. No. 99.) The Court subsequently ordered plaintiff to comply with the Local Rules by providing a table of contents to accompany the motion. On April 3, 2018 plaintiff submitted the required table of contents.

After reviewing the documents filed in support of and in opposition to the motion, the Court GRANTS the motion IN PART, for the reasons specified below.

### A. CATEGORY III DISCOVERY REQUESTS

**1.  Requests for Production of Documents**

Request No. 2 (both requests numbered 2):  GRANTED.  Defendants state that they have produced all responsive documents.  Defendants are each ordered to provide

plaintiff with a verified statement that they have produced all documents responsive to this request within their possession, custody, or control within 14 days.

<u>Request Nos. 73 - 77 and 107 -111:</u> DENIED. The documents sought are not relevant to any claim or defense in the case. Whether the Bacardi story is a myth or fact impacts neither the likelihood of confusion nor the intent issues present herein.

**2.     Interrogatories**

<u>Interrogatory Nos. 1, 2, and 7:</u> DENIED. The information sought is not relevant to any claim or defense in the case. Whether the Bacardi story is a myth or fact impacts neither the likelihood of confusion nor the intent issues present herein.

**3.     Requests for Admission**

<u>Request Nos. 1 - 5 and 35 - 41:</u> DENIED. The matters for which admissions are sought are not relevant to any claim or defense in the case. Whether the Bacardi story is a myth or fact impacts neither the likelihood of confusion nor the intent issues present herein.

**4.     Additional Requests for Production of Documents**

<u>Request No. 90, 91, 124, and 125:</u> GRANTED. Defendants state that they have produced all responsive documents. Defendants are each ordered to provide plaintiff with a verified statement that they have produced all documents responsive to this request within their possession, custody, or control within 14 days.

**B.  CATEGORY IV DISCOVERY REQUESTS**

**1.     Requests for Production of Documents**

<u>Request Nos. 85, 86, 119, and 120:</u> DENIED. The documents sought are not relevant to any claim or defense in the case. Although plaintiff contends that the documents would be relevant to its state law unfair competition claims, those claims, as the federal unfair competition claim, are solely based on an alleged likelihood of confusion between plaintiff's and defendants' marks, not on any agreements (legal or otherwise) with retail establishments.

/ / /

**2.     Interrogatories**

<u>Interrogatory No. 8</u>: DENIED. The information sought is not relevant to any claim or defense in the case. Although plaintiff contends that information regarding defendants' alleged "slotting fees" would be relevant to its state law unfair competition claims, those claims, as the federal unfair competition claim, are solely based on an alleged likelihood of confusion between plaintiff's and defendants' marks, not on any agreements (legal or otherwise) with retail establishments.

**3.     Requests for Admission**

<u>Request Nos. 6 - 10</u>: DENIED. The requested admission is not relevant to any claim or defense in the case. Although plaintiff contends that whether defendants paid "slotting fees" would be relevant to its state law unfair competition claims, those claims, as the federal unfair competition claim, are solely based on an alleged likelihood of confusion between plaintiff's and defendants' marks, not on any agreements (legal or otherwise) with retail establishments.

### C.  CATEGORY V DISCOVERY

**1.     Requests for Admission**

<u>Request Nos. 42 - 46</u>: DENIED. These requests seek admissions as to alleged surveillance of plaintiff's employees. Usually the question of the discoverability of surveillance activities requires an analysis of whether the information is entitled to protection as work product of defense counsel. Here, however, defendants' counsel disavow any knowledge of any surveillance of plaintiff's employees. Therefore, work protect protection is inapplicable.

Although the information regarding the alleged surveillance is discoverable, plaintiff is not seeking the information through a deposition, interrogatories, or a request for production of documents. Rather, plaintiff has devised requests for admission that plaintiff apparently believes would reveal whether the employees are being surveilled. This attempted use of requests for admission is improper. Unlike the remaining vehicles for discovery, requests for admission are not designed to elicit information. Rather, they

are designed to save time by removing the necessity of providing evidence to prove uncontested issues of fact (or the genuineness of uncontested documents). The issues to which the requests are directed are not issues that require any proof (at trial or otherwise). An admission, or lack thereof, would not serve the purpose for which requests for admission were created. Therefore, the Court DENIES plaintiff's motion to require defendants to admit or deny the truth of the requested material.

IT IS SO ORDERED.

DATED: April 6, 2018

                                           /S/ Frederick F. Mumm
                                           FREDERICK F. MUMM
                                       UNITED STATES MAGISTRATE JUDGE

4