# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:16-cv-06411-CAS-FFMx | Date | December 27, 2018 |
|---|---|---|---|
| Title | LODESTAR ANSTALT v. BACARDI & COMPANY LIMITED ET AL. | | |

**Present: The Honorable**    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**    **(IN CHAMBERS)** - PLAINTIFF'S EX PARTE APPLICATION SEEKING CLARIFICATION REGARDING THE COURT'S PROCEDURES AS TO MOTIONS FOR RECONSIDERATION (Dkt. 254 filed December 19, 2018)

On December 19, 2018, plaintiff Lodestar Anstalt filed an ex parte application seeking clarification regarding the court's procedures as to motions for reconsideration. Dkt. 254 ("App."). On December 21, 2018, defendants Bacardi & Company Limited, Bacardi U.S.A., Inc., and Bacardi Limited filed an opposition. Dkt. 255. Plaintiff filed a reply on December 24, 2018. Dkt. 256.

Plaintiff filed a motion to compel the production of defendants' trademark search reports and other related documents. Dkt. 178. Before the hearing on the motion, defendants subsequently produced redacted trademark search reports. App. at 1. The Magistrate Judge assigned to this case heard plaintiff's motion to compel on October 16, 2018, six weeks before the discovery cutoff date of November 30, 2018. At the hearing, defendants represented that they produced all the documents that were requested, and the Magistrate Judge subsequently ordered defendants to produce unredacted versions of the trademark search reports they previously produced and otherwise denied plaintiff's motion. Dkt. 186. At a deposition of defendants' general counsel of IP and Marketing two weeks before the discovery cut-off, plaintiff allegedly learned of additional trademark searches that had not been produced by defendants. App. at 2. On November 30, 2018, the discovery cutoff date, plaintiff filed a motion asking the Magistrate Judge to reconsider his prior order in light of the information that was divulged during the deposition. Id.; Dkts. 244–246. The Magistrate Judge ruled that plaintiff's request for reconsideration was untimely because this Court's procedures require all discovery motions to be argued by the cutoff date. Dkt. 249. Plaintiff seeks an order clarifying that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   **'O'**

| Case No. | 2:16-cv-06411-CAS-FFMx | Date | December 27, 2018 |
|---|---|---|---|
| Title | LODESTAR ANSTALT v. BACARDI & COMPANY LIMITED ET AL. | | |

the Magistrate Judge may hear the motion for reconsideration because this Court's discovery procedures do not explicitly limit the timing of motions for reconsideration. App. at 3.

The Court has reviewed the parties' arguments. In order to resolve the parties' dispute, the Court, on its own motion, enlarges the discovery cutoff date so that the Magistrate Judge may hear plaintiff's motion for reconsideration. This Order is without prejudice to plaintiff's obtaining an additional extension to seek a review of the Magistrate Judge's decision if appropriate.

Accordingly, plaintiff's ex parte application is **DENIED** as moot. The Court hereby enlarges the discovery cutoff date so that the Magistrate Judge may hear plaintiff's motion for reconsideration at a time that is convenient for him.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |